UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:06-cr-326-T-23TGW
  8:11-cv-2384-T-23TGW

EMEREGILDO ROMAN
_____/

**O R D E R**

Roman's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for one count of conspiracy to commit armed bank robbery, five counts of armed bank robbery, five counts of carrying and brandishing a firearm during a crime of violence, and one count of bank robbery, for which offenses he serves a total of 1,519 months (126 years). The circuit court affirmed both the convictions and the sentences. (Doc. 256)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Roman's motion is time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Roman's conviction was final on October 4, 2010, when the Supreme Court denied his petition for the writ of certiorari. Roman v. United States, ___ U.S. ___, 131 S. Ct. 252 (2010). Roman's limitation expired one year later. According to the mailbox rule,[2] Roman's motion to vacate is considered filed as of October 10, 2011, which is the date he signed the motion.[3] Because the motion was filed a week too late, Roman's motion to vacate is time-barred.

Roman states (Doc. 1 at 15) that he "was unable to file this petition within the one-year time limit because he was in" segregated housing in two different prisons from April 14, 2011, until August 17, 2011. "[T]he timeliness provision in the federal habeas

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (A pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

[3] Although Roman signed the motion on October 10, 2011, he falsely "declare[s] . . . under penalty of perjury that . . . this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on September 23, 2011."

corpus statute is subject to equitable tolling."  Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010).   "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The petitioner must meet both requirements, and he controls the first requirement—due diligence—but not the second—extraordinary circumstances.  Failure to meet both requirements, especially the one he controls, precludes equitable tolling.  "Under long-established principles, petitioner's lack of diligence precludes equity's operation."  544 U.S. at 419.  But only "reasonable diligence" is required.  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2566 (internal quotations and citations omitted).  Roman's assignment to restricted housing ended approximately six weeks before the filing deadline.  Roman offers no specific argument for tolling the time between August 17th (when he was released from segregated housing) and either October 4th (the limitation deadline) or October 10th (the signature date). Consequently, Roman fails to show due diligence.

Roman also argues that his lack of fluency in the English language excuses his late filing.  United States v. Montano, 398 F.3d 1276 (11th Cir. 2005), rejects difficulty with English as an extraordinary circumstance justifying an untimely post-conviction challenge.  Accord Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003).  See also Brown v. United States, 318 Fed. App'x 749 (11th Cir. 2008)

(Brown's illiteracy and problem communicating either verbally or with sign-language was not an extraordinary circumstance warranting equitable tolling.).

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED** as time-barred. The clerk shall enter a judgment against Roman and close this case.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the

- 4 -

COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. 1595.

A certificate of appealability is unwarranted because jurists of reason would not fairly debate the petition's timeliness.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed in forma pauperis on appeal is **DENIED**. Roman must pay the full $455 appellate filing fee without installments unless the circuit court allows Roman to proceed in forma pauperis.

ORDERED in Tampa, Florida, on October 28, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE